### 38489.   ATLANTA REALTY COMPANY, INC. *et al.* v. PODBER.

DECIDED SEPTEMBER 27, 1960.

*Jack B. McNeil,* for plaintiffs in error.

*David Gershon, R. Monroe Schwartz,* contra.

BELL, Judge. The so-called contract sued on allegedly arises between the parties from the verbal statement of the defendant

to the plaintiff Isenberg that if Isenberg would tell the defendant where the grocery store was which Isenberg had listed for sale, and give him the details, that he, the defendant, "would protect him and would see that petitioner received his commission in case he purchased said business." As this verbal agreement is set forth in the petition, it is not at all clear as to who is to pay the commission. This vague and nebulous statement is capable of at least two possible interpretations: (1) That the defendant buyer would see to it that the seller would pay the commission; or (2) that if the defendant purchased the business the defendant would pay the commission.

Applying the elemental principle that on demurrer the allegations of the petition are construed more strongly against the pleader, the language must be construed as meaning that the defendant would see to it that the seller would pay the commission. However, the petition affirmatively alleges: "Morton Paller, the seller, refused to pay the commission and there is no legal contractional [sic] obligation upon him to pay said commission or any part thereof."

It is obvious that this petition does not state a cause of action, and the trial court properly sustained the general demurrer.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*